NOT RECOMMENDED FOR PUBLICATION
File Name:  14a0920n.06

No. 14-1030

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JASMINE GUY JORDAN, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Dec 11, 2014 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | |
| CITY OF DETROIT, et al., | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Defendants, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| and | ) | |
| | ) | |
| COUNTY OF WAYNE; JOHN DOE, 1-2, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE:  BOGGS and GRIFFIN, Circuit Judges; and HOOD, District Judge.[*]

PER CURIAM.

Plaintiff Jasmine Guy Jordan appeals the order of the district court denying his post-judgment motion for sanctions against defendant County of Wayne ("Wayne County") pursuant to 28 U.S.C. § 1927 and the district court's inherent power.  Finding no abuse of discretion, we affirm.

Following the district court's grant of summary judgment in favor of Wayne County in this action brought under 42 U.S.C. § 1983, plaintiff filed a timely appeal in our court.  During

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

the appeal process, the parties participated in a mediation conference to explore settlement. The mediation discussions ended on February 15, 2013, with the parties thereafter disputing whether a settlement agreement was actually concluded. Although the appeal was still pending,[1] on July 30, 2013, Wayne County filed a "motion to enforce settlement" in the district court. On August 29, 2013, the district court conducted a telephonic status conference, during which counsel for both parties acknowledged that Wayne County's motion had been presented improvidently because, in accordance with *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994), the district court lacked jurisdiction to enforce the terms of the settlement agreement under the doctrine of ancillary jurisdiction.[2] Consequently, the district court entered an order terminating Wayne County's motion.

On September 21, 2013, plaintiff filed a motion for sanctions pursuant to 28 U.S.C. § 1927 and the district court's inherent power to sanction.[3] Plaintiff's attorney argued that sanctions were warranted because during an April 18, 2013, phone conversation with defense counsel, who indicated that she would be filing in the district court a motion to enforce settlement, he told defense counsel that no settlement had been finalized. Relative to the motion, plaintiff's counsel also allegedly alerted defense counsel to the jurisdictional defects posed by

---

[1]The judgment of the district court pertaining to the merits of the underlying § 1983 action was subsequently affirmed by this court. *See Jordan v. City of Detroit*, 557 F. App'x 450 (6th Cir. 2014).

[2]According to *Kokkonen*, a federal court lacks jurisdiction to enforce a settlement agreement terminating litigation unless the court expressly "retain[ed] jurisdiction over the settlement agreement" or "incorporat[ed] the terms of the settlement in the [dismissal] order" while the case was still pending on the court's docket. *Kokkonen*, 511 U.S. at 380–81.

[3]"[A] [district] court's jurisdiction to issue sanctions under 28 U.S.C. § 1927 or pursuant to a court's inherent authority is ever present." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 645 (6th Cir. 2006).

*Kokkonen*, yet, despite this admonition, defense counsel proceeded to file the "frivolous" motion to enforce settlement over three months later.

Defense counsel countered that this conversation never occurred and produced phone records showing that there was no communication between her and plaintiff's counsel on April 18, 2013. In his reply, plaintiff's counsel stated that he was mistaken about the date, but maintained that he spoke with defense counsel about *Kokkonen* on April 8, 2013. Phone records confirmed that the attorneys communicated on that date.

Finding that a hearing on the matter was not necessary, the district court issued an order denying plaintiff's motion for sanctions on December 13, 2013. Expressing skepticism about plaintiff's counsel's recollection of the events, the district court held that "[d]efense counsel's filing of a motion to enforce settlement, may, at worst, constitute negligence or incompetence, yet the improvident filing does not meet the necessary threshold for the imposition of sanctions under either 28 U.S.C. § 1927 or the court's inherent power." (Citation and internal quotation marks omitted.)

In so concluding, the district court took into account defense counsel's explanation, proffered in an affidavit, that she inherited this case from the predecessor attorney while summary judgment was pending before the district court. Defense counsel admitted that when she filed the motion to enforce settlement, "[s]he was mistakenly under the assumption that the District Court matter was still pending on the district court docket until the briefs on appeal had been filed." Consistent with this misunderstanding of the law, defense counsel sought an extension of time to file her appeal brief in our court, while simultaneously filing the motion to enforce settlement in the district court. In addition, defense counsel explained that she "filed the motion based on Michigan precedent as it related to motions to enforce settlement, which were

[sic] silent on the issue of federal precedent regarding federal court jurisdiction into [sic] the appropriateness of filing the motion there." Defense counsel did not recall any phone conversation with plaintiff's counsel where the issue of federal jurisdiction was discussed. Thus, defense counsel was acting under the belief that the district court retained jurisdiction over the motion to enforce settlement until, researching the cases cited in plaintiff's response to the motion, she realized that the court was in fact without jurisdiction and thus readily conceded the issue during the telephone conference on August 29, 2013.

Considering these circumstances, the district court held that defense counsel's "entirely adequate explanation" as to why she improvidently filed the motion to enforce settlement did not meet the requisite standards of conduct necessary to impose sanctions under § 1927 or the court's inherent power. We agree.

We review the district court's imposition of sanctions under the highly deferential abuse-of-discretion standard. *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010). "A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Id.* (citation and internal quotation marks omitted).

Under 28 U.S.C. § 1927, an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" may be sanctioned by the court. Such sanctions are appropriate when counsel "objectively falls short of the obligations owed by a member of the bar to the court and . . . , as a result, causes additional expense to the opposing party." *Red Carpet Studios*, 465 F.3d at 646 (citation omitted). Section 1927 sanctions "require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Id.* "Thus, an

attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Id.*

The imposition of inherent-power sanctions requires a finding of bad faith or conduct tantamount to bad faith. *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011). A district court must find "(1) that the claims advanced were meritless, (2) that counsel knew or should have known this, and (3) that the motive for filing the suit was for an improper purpose such as harassment." *Id.* (citation omitted). The simple fact that an action is without merit is not tantamount to bad faith; rather, "the court must find *something mor*e than that a party knowingly pursued a meritless claim or action at any stage of the proceedings," such as by filing the suit for purposes of harassment or delay, or for other improper reasons. *Id.* (citation omitted).

After careful review of the record, we are unable to conclude that the district court abused its broad discretion in denying plaintiff's motion for sanctions. As the district court explained in its order, the "well-intentioned zeal" exhibited by defense counsel was not "sufficiently unreasonable and vexatious" to justify sanctions under § 1927, and there is simply no evidence that defense counsel acted in bad faith so as to satisfy the higher standard required for inherent-power sanctions.

Accordingly, we affirm the district court's order denying plaintiff's motion for sanctions.